UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMEEKA MAYFIELD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AEROTEK, INC., a Maryland Corporation; KIT NELSON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  3:20-cv-01947-JAH-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO REMAND, [ECF No. 6];**<br><br>**(2) REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO;**<br><br>**(3) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE, [ECF No. 4].** |

Presently before the Court is Plaintiff Timeeka Mayfield's ("Plaintiff") timely filed Motion to Remand to State Court, ("Mot. to Remand", ECF No. 6).  Defendants Aerotek, Inc. ("Aerotek") and Christopher Nelson ("Mr. Nelson")[1] (collectively, "Defendants") filed a Response in Opposition to the Motion to Remand, ("Opp'n to Mtn. to Remand",

---

[1] Christopher Nelson and "Kit Nelson" refer to the same individual, who hereinafter will be referred to as "Mr. Nelson" to avoid confusion.

1

ECF No. 8), and Plaintiff replied, ("Reply to Mtn. to Remand", ECF No. 11). Also before the Court is Aerotek's Motion to Strike the Third Cause of Action for Defamation Pursuant to CCP § 425.16 and for an Award of Costs and Attorney's Fees, or Alternatively, to Dismiss the Third Cause of Action, ("Mtn. to Strike", ECF No. 4). Mr. Nelson filed a Notice of Joinder to the Motion. ("Notice of Joinder", ECF No. 5). For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Remand for lack of subject matter jurisdiction, and **DENIES AS MOOT** Defendants' Motion to Strike.

# I.
# BACKGROUND

## A. Procedural History

On August 7, 2020, Plaintiff filed a Complaint against Defendants in the Superior Court of California for the County of San Diego. ("Compl.", ECF No. 1-2). On October 2, 2020, Defendants removed the action to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). ("Notice of Removal", ECF No. 1). On November 2, 2020, Plaintiff filed a Motion to Remand the case to the original court pursuant to 28 U.S.C. §1447(c) and Federal Rules of Civil Procedure 11. (Mot. to Remand at 2).

## B. Plaintiff's Complaint[2]

Plaintiff is a former employee of Aerotek, a Maryland recruiting and staffing agency, doing business in the County of San Diego. (Compl. ¶ 2). On October 5, 2018, Defendants offered Plaintiff the position of recruiter in its Fairfield, Virginia office. (Compl. ¶ 6). After starting in the Fairfield office, Plaintiff informed her supervisor at the time, Nick Wilson ("Wilson"), of her pregnancy and desire to relocate to the San Diego office, where her husband was to be stationed, to which Wilson indicated would not be an issue (Compl. ¶ 9). On February 27, 2019, Plaintiff emailed Wilson that she intended to return to work for Defendants at the San Diego Office on August 12, 2019. (*Id*. ¶ 10). Plaintiff

---

[2] The facts herein are from Plaintiff's Complaint and are not to be construed as findings of fact by this Court.

subsequently sent Wilson another email inquiring about whether she would need to re-interview for the position. (*Id*. ¶ 11). Wilson responded that she would not need to because he had "vouched" for her. (*Id*. ¶ 12). On March 15, 2019, Plaintiff emailed Steve Purugganan ("Purugganan")–the supervisor for the San Diego office at the time– expressing her excitement about joining the office following her maternity leave. (*Id*. ¶ 13). Plaintiff moved to San Diego expecting to return to work in August. (*Id*. ¶ 15). Plaintiff reached out to Purugganan, who was out of the office on medical leave. (*Id*.) Mr. Nelson, who was running the San Diego office in place of Purugganan, called Plaintiff in for an interview, which Plaintiff understood to be an informational meeting given her prior correspondences with Wilson. (*Id*. ¶ 16). During the interview, Plaintiff asked questions about the possibility of working from home in case of an emergency with her infant and whether the office would be able to provide lactation accommodations. (*Id*.) Mr. Nelson told Plaintiff that she "wasn't a good fit" with the San Diego office, and Defendants subsequently terminated Plaintiff's employment. (*Id*. ¶¶ 17, 18).

Plaintiff alleges that from about March 2019 until Plaintiff's termination, Defendants and their agents and employees engaged in "a continuous course of harassment, discrimination, and retaliation" against Plaintiff "because of her pregnancy and requests and questions concerning lactation accommodation." (*Id*. ¶ 19). Plaintiff further alleges that she is "informed and believes" Defendants defamed her and intentionally, negligently and recklessly published false and defamatory *per se* statements to justify the improper and illegal termination of Plaintiff. (*Id*. ¶ 22). These statements allegedly included express and implied accusations that Plaintiff "violated company polices; that she was a poor performer; that she deserved termination; that she was incompetent; made false complaints; and was dishonest." (*Id*. ¶ 23). Plaintiff alleges that these statements were published and foreseeably republished, internally and externally, and were understood by the recipients to be about Plaintiff. (*Id*.)

Based on these allegations, Plaintiff asserts four causes of action for: (1) sex discrimination; (2) pregnancy discrimination; (3) defamation; and (4) wrongful termination

in violation of public policy. (*Id*.) Only the third cause of action for defamation is brought against Mr. Nelson. (*Id*.)

## II.
## LEGAL STANDARD

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 93–94 (1998). Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq*. A state court action can be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a party invoking the federal removal statutes must establish jurisdiction by demonstrating the existence of: (1) a statutory basis; (2) a federal question; or (3) diversity of the parties. *See Mir v. Fosburg*, 646 F.2d 342, 345 (9th Cir. 1980). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Here, Aerotek removed the action based upon diversity jurisdiction. To establish diversity jurisdiction, Defendants must show: (1) complete diversity among opposing parties; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Defendants have the burden of establishing that removal is proper and must support its jurisdictional allegations with competent proof. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*); *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).

///
///
///

# III.
# DISCUSSION

Plaintiff moves to remand this action to San Diego Superior Court, contending that this Court lacks subject matter jurisdiction over this dispute because it arises entirely under state law between non-diverse parties. (Mot. to Remand at 8).

## A. Diversity of Citizenship

Defendants assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and therefore removal is proper under 28 U.S.C. § 1441(b). (Notice of Removal ¶¶ 6, 9). Plaintiff alleges that complete diversity does not exist because although Aerotek is incorporated in the State of Maryland and has its principal place of business in the State of Maryland, Mr. Nelson currently resides in California, and this was true at the time of filing the Complaint. (Notice of Removal ¶ 8; Mot. to Remand at 13). Defendants contend that although Mr. Nelson currently resides in California, because he made plans to relocate to Arizona before Plaintiff filed the Complaint, he cannot be considered a California citizen. (Opp'n to Mtn. to Remand at 16).

Pursuant to 28 U.S.C. § 1332(a), the Court has original jurisdiction over a civil action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000. The natural person's state citizenship is determined by her state of domicile, which is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (A person is domiciled in a location where he or she has "established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely"). A person's original domicile remains until a new one is acquired. *Id*. at 750. Establishing a new domicile requires both physical presence at the new location and an intention to remain there indefinitely. *Id*. The party asserting diversity jurisdiction bears the burden of proof of showing that complete diversity exists. *Id*. at 857-58. It is well established that diversity of citizenship is established at the filing of the complaint, and post-filing developments cannot defeat

jurisdiction if jurisdiction was proper at the time of filing nor create jurisdiction where it did not initially exist. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-70 (2004). When a defendant challenges jurisdiction facially, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *See Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979).

Here, Defendants fail to carry their burden of proving that Mr. Nelson is not a California citizen. Mr. Nelson resided in California when Plaintiff filed her Complaint. (Mot. to Remand at 13); *see Lew*, 797 F.2d at 752 (holding that new domicile was not established because defendant was not physically located in his allegedly new home and traveled throughout the relevant period). Notwithstanding Mr. Nelson's stated intention to relocate, he is still considered a California citizen for diversity purposes because he has not established a new domicile in Arizona at the time the Complaint was filed. (Mot. to Remand at 13); *cf. Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013) (holding that because the relevant action was properly removed to the federal court and plaintiffs proposed a joint trial at the time of removal, the district court's post-removal finding that plaintiffs' claims were improperly joined did not defeat jurisdiction). As such, the remaining relevant inquiry for this Court regarding whether complete diversity exists is whether Mr. Nelson was fraudulently joined or whether he can assert an affirmative defense to combat diversity.

**B. Sham/Fraudulent Defendant**

Defendants argue that even if Mr. Nelson is a California citizen, he must be disregarded for diversity purposes because he was fraudulently joined for the sole purpose of defeating complete diversity, and therefore cannot be found liable as a matter of law on the defamation claim. (Notice of Removal ¶ 12). Specifically, Defendants contend that Plaintiff has not sufficiently pleaded a defamation claim against him because the claim is based entirely on "information and belief," as Plaintiff did not specifically allege what the defamatory statements are and who they were addressed to in the Complaint. (Notice of

Removal ¶ 18). Defendants further allege that although Plaintiff's claim is that these statements were made verbally, Plaintiff has not alleged that these statements are fact-based as opposed to opinion based. (*Id*. ¶ 19). Plaintiff rebuts that her allegations of defamation *per se* against Mr. Nelson are sufficient to state a cause of action. (Mot. to Remand at 8).

The Ninth Circuit has held that a federal court may disregard a non-diverse party named in the state court action if the court finds that the plaintiff has not adequately stated a cause of action against a resident defendant and the failure is obvious according to the well-settled authority of the state. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir, 2001). There is generally a presumption against fraudulent joinder, and the removing defendant bears a significant burden of demonstrating with clear and convincing evidence that the non-diverse party's joinder was improper. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The standard for establishing fraudulent joinder is not whether the plaintiff will "actually or even probably prevail on the merits," but whether there is any possibility the plaintiff will be able to establish liability against the defendant in question. *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). In doing so, the court resolves all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. *Id*.

    i.  Pleading Standard for Defamation *Per Se*

Plaintiff and Defendants disagree about the pleading standard applicable to stating a cause of action for defamation *per se* under California law.[3] Plaintiff maintains that the Complaint need only show: "(1) that the defendant made one or more defamatory *per se* statements to one or more person(s) other than the plaintiff; (2) that the hearer(s)/reader(s) of the defamatory statement(s) reasonably understood that the statement(s) was/were about

---

[3] The Complaint does not specify whether the defamation claim involves libel or slander. For this order, this Court assumes the claim involves libel because Plaintiff maintains that the allegedly defamatory statements were "published and republished" to third persons. (Compl. ¶ 40).

1 the plaintiff, and (3) that the defendant failed to use reasonable care to determine the truth
2 or falsity of the statements(s)." (Reply to Mtn. to Remand at 4-5). Defendants, on the
3 other hand, argue that under California law, Plaintiff must specifically identify the
4 defamatory statement and reference the speakers of the defamatory communications, the
5 recipients, the timing, or the context in which they were made. (Opp'n to Mtn. to Remand
6 at 24-25).

7       Section 45 of the California Civil Code defines libel as "a false and unprivileged
8 publication by writing … which has a tendency to injure [any person] … of his occupation."
9 *Jeffers v. Screen Extras Guild*, 107 Cal. App.2d 253, 255 (1951). Courts have interpreted
10 this definition broadly to include "almost any language which upon its face has a natural
11 tendency to injure a person's reputation, either generally, or with respect to his occupation.
12 *Id*. at 255; *see also Dethlefsen v. Stull*, 86 Cal. App. 2d 499, 501 (1948) (holding that the
13 appellant's letter suggesting the respondent to be "an undesirable partner because he was
14 dishonest in his financial dealings with his copartner" was sufficient to state a cause of
15 action for libel against the appellant); *see also Garcha v. Quality Quartz Eng'g, Inc.*, No.
16 19-CV-01989-YGR, 2019 WL 2464489, at *4 (N.D. Cal. June 13, 2019) (holding that the
17 plaintiff may state a claim of defamation despite not having identified the recipients of the
18 defamatory statement in question and the statement constituting a mere opinion).

19       Here, Plaintiff alleges that Mr. Nelson falsely accused Plaintiff of being incompetent
20 and dishonest in her performance and published these statements to third persons. (Compl.
21 ¶¶ 23, 41). Although a statement regarding poor performance alone may not suffice as a
22 factual assertion, Plaintiff's allegation that Defendants accused her of deserving "written
23 warnings and disciplinary actions," of stealing "files and software," and of making "false
24 complaints" are sufficiently concrete that a court could find them to be factual assertions
25 which could injure Plaintiff and her business, professional, and personal reputations.
26 (Compl. ¶¶ 40, 41); *see Balla v. Hall*, 59 Cal. App. 5th 652, 687 (2021), review denied
27 (Apr. 14, 2021) (holding that a publication accusing plaintiffs of engaging in "specific,
28 improper actions while performing official and professional duties" was defamatory *per*

*se*); *see also Garcha*, 2019 WL 2464489 at 3 (holding that plaintiff, by alleging that the defamatory statements at issue were communicated internally and externally to "third persons and to the community," sufficiently stated a cause of action for defamation). Here, Plaintiff specifically alleges that the publication and republication of Defendants' statements against Plaintiff resulted in her "suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings." (Compl. ¶ 50). Based on the sufficient level of detail to which Plaintiff describes the defamatory statements and the extent of harm she alleges to have suffered from the publication and republication of those statements, the Court finds that Defendants have not met the heavy burden of showing that there is no possibility Plaintiff can prevail on her defamation claim against Defendants.

Furthermore, this Court need not determine whether the Complaint has sufficient detail to succeed on a defamation claim against Defendants. The Court need only find that the Complaint, either as pleaded or if granted leave to amend, suggests a possibility the Plaintiff will be able to state such a claim. *See Umamoto v. Insphere Insurance Solutions, Inc.*, No. 13–CV–0475–LHK, 2013 WL 2084475, at *6 (N.D. Cal. May 14, 2013) (remand was warranted on the basis of a "non-fanciful possibility" that plaintiffs might be able to state a claim against the originator of the allegedly defamatory statement in an amended complaint).

**C. Conditional Privilege**

Finally, Defendants argue that even if Plaintiff could identify some of the allegedly false accusations made by Defendants and to whom they were published, the common interest privilege bars Plaintiff from prevailing on her defamation claim. (Notice of Removal ¶ 20). Defendants specifically argue that Plaintiff's allegations of defamation involving Mr. Nelson's comments about her performance as an employee constitute privileged communications under California Civil Code § 47(c). (Opp'n to Mtn. to Remand at 28). Plaintiff maintains that Defendants have not met the burden to both plead

and prove conditional privilege. (Reply to Mtn. to Remand at 6).  Plaintiff further argues that even if conditional privilege applies, removal is still improper because the Complaint sufficiently pleads malice. *Id*. at 7.

The defendant generally bears the initial burden of establishing that the allegedly defamatory statement is privileged. *Narayan v. Compass Grp. USA, Inc.*, 284 F. Supp. 3d 1076, 1086 (E.D. Cal. 2018).  The Ninth Circuit has stated that defendants may not "use [an] affirmative defense ... as a basis for asserting fraudulent joinder in order to invoke diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044-45 (9th Cir. 2009) (finding district court erred in considering preemption defense as basis for fraudulent joinder argument and holding that affirmative defenses "should [be] brought in the context of attacking the merits of [plaintiff]'s case, rather than as a basis for removing the case to federal court").  As such, the Court finds that Defendants' defense of conditional privilege is inappropriate to invoke diversity jurisdiction.

Even if Defendants could assert a privilege defense, they have not established, as a matter of law, that privilege applies.  To establish a conditional privilege defense, Defendants must show, pursuant to Civil Code § 47(c), that Defendants made the defamatory statement, without malice, to an "interested person." *SDV/ACCI, Inc. v. AT & T Corp.*, 522 F.3d 955, 961 (9th Cir. 2008).  Plaintiff bears the burden of establishing a prima facie case that the allegedly defamatory statements were made with malice. *Taus v. Loftus*, 40 Cal. 4th 683, 721 (2007).  For the purposes of Civil Code § 47(c), malice is defined as "a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person." *SDV/ACCI, Inc.*, 522 F.3d at 962.  Plaintiff can also plead malice by showing that Defendants "lacked reasonable ground for belief in the truth of the publication" and therefore "acted in reckless disregard" for the truth or the falsity of the statements. *Taus*, 40 Cal. 4th at 721 (2007).

Although Plaintiff does not identify to whom Mr. Nelson spoke to, Plaintiff necessarily alleges that the publication of the statements at issue was not limited to interested parties. (Mot. to Remand at 10).  Plaintiff's allegation that Mr. Nelson, despite

knowing that Plaintiff was "competent," "hard working," and "honest," made "wildly false allegations" about Plaintiff to justify his decision to terminate Plaintiff's employment sufficiently pleads malice because it substantiates Mr. Nelson's desire to injure Plaintiff's reputation. (Mtn. for Remand at 12; Reply to Mtn. for Remand at 9). Plaintiff's allegations that Mr. Nelson reacted negatively to Plaintiff's requests for legal accommodations and terminated Plaintiff from what she believed to be a lateral transfer further support an inference of malice. (*Id.*); see *Hawran v. Hixson*, 209 Cal. App. 4th 256 (2012) (holding that the relevant published matter and circumstantial evidence suggesting the possibility of the publisher's disapproval of the plaintiff's statements against the defendants, prior to the publication, supported a prima facie case of malice). Therefore, the Court finds that Defendants do not meet the burden of proving that conditional privilege applies.

## IV.
## CONCLUSION

For the reasons set forth above, the Court finds that subject matter jurisdiction does not exist because complete diversity cannot be established.

Accordingly, for the aforementioned reasons, IT IS HEREBY ORDERED this Court:

1. **GRANTS** Plaintiff's Motion to Remand.
2. **REMANDS** this action to the Superior Court for the State of California in the County of San Diego.
3. **DENIES AS MOOT** Defendants Motion to Strike Pursuant to CCP § 425.16.

**IT IS SO ORDERED.**

DATED: July 11, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE